**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-1431
_____

GARTOR KIKI BROWN,
                                        Appellant

v.

DELAWARE COUNTY PRISON BOARD OF INSPECTORS;
C.E.C. COMMUNITY EDUCATION CENTER; RONALD PHILLIPS, Doctor;
HENRY SLADEX, Deputy Warden of Security
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-16-cv-02485)
District Judge:  Honorable Legrome D. Davis
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 6, 2018

Before: VANASKIE, BIBAS and ROTH, Circuit Judges

(Opinion filed: July 6, 2018)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Gartor Kiki Brown, proceeding pro se, appeals an order of the United States District Court for the Eastern District of Pennsylvania dismissing his 42 U.S.C. § 1983 action. For the reasons that follow, we will affirm in part, vacate in part, and remand for further proceedings.

According to Brown's complaint, while incarcerated as George W. Hill Correctional Facility, he was assaulted by unnamed correctional officers. Brown then went to medical for chest pain and Dr. Ronald Phillips failed to give him "the medical attention he needed." Brown alleged that he was again assaulted by correctional officers who shackled him to the bed, cut his clothing off, and fondled his sex organs. Brown then was allegedly left in his cell for a period of time without food, water, sheets, and toilet paper. Deputy Warden Henry Sladex checked on Brown but failed to respond to his complaints regarding his housing.

Brown filed a 42 U.S.C. § 1983 action against Community Education Center ("CEC"), which runs the facility at which Brown was incarcerated, Delaware County Prison Board of Inspectors, Dr. Ronald Phillips, and Deputy Warden Henry Sladex. The District Court dismissed Brown's initial complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and granted Brown leave to file an amended complaint. Brown filed an amended complaint and a second amended complaint. The defendants filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), or in the alternative a motion for a more definite statement. On November 30, 2016, the District

Court granted the defendants' motion to dismiss. On February 28, 2017, Brown filed a notice of appeal.

We have jurisdiction pursuant to 28 U.S.C. § 1291.[1] We exercise plenary review of a District Court's decision to grant a motion to dismiss pursuant to Rule 12(b)(6). Fowler v. UPMC Shadyside, 578 F.3d 203, 206 (3d Cir. 2009). To state a legally sufficient claim for relief, a plaintiff need only plead enough factual content, taken as true, to support "the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

We conclude that Brown's conditions-of-confinement claim satisfies this standard. To state a viable Eighth Amendment claim, Brown needed to allege that (1) he suffered an "objectively, sufficiently serious" deprivation and (2) that the officials being sued had "sufficiently culpable" states of mind. Beers-Capitol v. Whetzel, 256 F.3d 120, 125 (3d Cir. 2001) (quoting Farmer v. Brennan, 511 U.S. 825, 834 (1994)). To satisfy the first prong of this test, the condition of confinement at issue must deprive the prisoner of the minimum of civilized life's basic necessities – food, clothing, shelter. See Farmer, 511 U.S. at 832. The state of mind necessary for a viable claim under the second prong is

_____

[1] As the District Court's dismissal order contains its reasoning for its disposition, it did not comply with the separate judgment rule set forth in Fed. R. Civ. P. 58(a), which requires that every judgment must be set out in a document separate from the opinion. Witasick v. Minnesota Mut. Life Ins. Co., 803 F.3d 184, 187 (3d Cir. 2015) (order must omit reasoning to be considered a separate document). Thus, the judgment was not entered until 150 days after the November 30th order was entered on the docket, and Brown's notice of appeal was timely filed. See Fed. R. App. P. 4(a)(1)(A); Fed. R. Civ. P. 58(c)(2)(B).

"'deliberate indifference' to inmate health or safety[,]" a standard that requires actual knowledge or awareness of the risk of the condition of confinement to the prisoner. Beers-Capitol, 256 F.3d at 125.

Though his complaint is difficult to decipher, Brown alleged that he was placed in SMU and deprived of a bed, sheets, a blanket, toilet paper, and food. In his response in opposition to the defendants' motion to dismiss, Brown elaborated that after he was placed in SMU, Deputy Warden Sladex visited him and Brown informed Deputy Warden Sladex that he was being deprived of food, water, blankets, showers, and other basic essentials.[2] Brown alleged that Deputy Warden Sladex observed him in the cell and ignored his complaints. Accepting these allegations as true, Brown stated a claim for relief against Deputy Warden Sladex that is sufficient to survive a motion to dismiss. See Young v. Quinlan, 960 F.2d 351, 363 (3d Cir. 1992) (requiring prisoner to request permission to wash hands, receive toilet paper, or drink water for four days stated an Eighth Amendment claim), superseded by statute on other grounds as stated in Nyhuis v. Reno, 204 F.3d 65, 71 (3d Cir. 2000).

---

[2] The District Court did not expressly consider the allegations made in Brown's response to the defendants' motion to dismiss. As Brown proceeded pro se in the District Court, we will consider those allegations that are consistent with his complaint and amended complaint. See Mack v. Warden Loretto FCI, 839 F.3d 286, 291 n.2 (3d Cir. 2016) ("[W]e will also consider [appellant's] allegations made in response to the defendants' motion to dismiss[.]"). In his response, Brown refers to actions by Warden Henry and Mr. Henry, which we construe as references to Deputy Warden Henry Sladex.

4

However, we will affirm the District Court's dismissal of the remainder of Brown's claims against Deputy Warden Sladex. Brown did not allege that Deputy Warden Sladex was personally involved in the alleged assaults, but merely "failed to conduct an effective investigation." Amended Compl. at 3; see Polk Cty. v. Dodson, 454 U.S. 312, 325 (1981) (holding that liability in a § 1983 action must be predicated on personal involvement, not on the basis of respondeat superior). To the extent that Brown's complaint could be read as raising a claim that Deputy Warden Sladex failed to provide medical care or denied Brown's grievances regarding his medical care, Brown admitted that he was seen by Dr. Phillips. Deputy Warden Sladex was entitled to defer to the judgment of medical personnel absent circumstances not alleged here. See Spruill v. Gillis, 372 F.3d 218, 236 (3d Cir. 2004) ("If a prisoner is under the care of medical experts . . ., a non-medical prison official will generally be justified in believing that the prisoner is in capable hands."). Finally, to the extent Brown's complaint could be read as raising a claim that Deputy Warden Sladex failed to protect Brown from an assault by unnamed correctional officers, Brown did not allege that Deputy Warden Sladex had any knowledge of the risk that the correctional officers would assault Brown. See Beers-Capitol, 256 F.3d at 133.

The District Court also correctly determined that Brown failed to state a claim against Dr. Phillips. Brown claimed that he was physically present in medical for chest, back, head, and rib pain and Dr. Phillips failed to give him "the medical attention he needed." In his opposition to the defendants' motion to dismiss, Brown added that he

5

suffered broken ribs.  "Deliberate indifference" may be inferred when a prison official knows of a prisoner's need for medical treatment but intentionally fails to provide it; delays necessary medical treatment for a non-medical reason; or prevents a prisoner from receiving medical treatment that was needed or recommended.  Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999).  Brown admitted that he was seen by Dr. Phillips; thus, he was not denied medical care.  Although Brown now asserts that Dr. Phillips did not provide him care, this claim was not presented to the District Court and is waived on appeal.  In his complaints, Brown failed to assert how Dr. Phillips' course of treatment was inadequate or to propose any medical treatment that he was denied.  Brown has not plausibly alleged that Dr. Phillips' decision to forego additional treatment after a medical exam violated the Eighth Amendment.  Pearson v. Prison Health Serv., 850 F.3d 526, 535 (3d Cir. 2017) ("[M]ere disagreement as to the proper medical treatment does not support a claim of an eighth amendment violation.") (internal quotation and citation omitted); accord Spruill, 372 F.3d at 235.

The District Court likewise correctly dismissed the claims against CEC and the Board of Inspectors as Brown failed to allege any constitutional violation attributable to these defendants' customs or policies.  See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978) (holding that Section 1983 liability attaches to a municipality only where the "government's policy or custom . . . inflicts the injury.").  Brown's vague and conclusory allegation that the defendants had a policy or custom of "fail[ing] to provide an adequate level of security staffing," is insufficient to state a claim.  Brown failed to allege what the

6

defendants' policy was or plead any prior analogous conduct that would demonstrate the existence of a policy. Groman v. Twp. of Manalapan, 47 F.3d 628, 637 (3d Cir. 1995) (finding "vague assertions" of policy or custom were insufficient to impose liability).

Finally, in his brief, Brown alleges that he was assaulted by Sergeants Balwin, Moore, and Jane Doe, individuals who were not identified in the District Court. To the extent Brown attempts to raise new claims or assert claims against new defendants, we decline to address those claims here. See, e.g., In re Reliant Energy Channelview LP, 594 F.3d 200, 209 (3d Cir. 2010) (plaintiff may not assert new claims for the first time on appeal).

For the foregoing reasons, we will vacate and remand for further proceedings on Brown's conditions of confinement claim. We will otherwise affirm.